### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, a limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> KING VAPE LLC, an Alabama limited liability company; REEM MUHSEN, individually; and JOHN DOE COMPANY 1, <br><br> Defendants. | Case No.  1:26-CV-105 <br><br> JURY DEMANDED |

### COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING, AND CONTRIBUTORY TRADEMARK INFRINGEMENT

Plaintiff Spectrum Laboratories, LLC ("Spectrum Labs" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants King Vape LLC ("King Vape"), Reem Muhsen ("Muhsen"), individually and as sole member of King Vape LLC, and John Doe Company 1 (collectively, "Defendants"), and alleges as follows:

### PARTIES

1.  Plaintiff Spectrum Laboratories, LLC ("Spectrum Labs") is a limited liability company organized and existing under the laws of the State of Ohio. Spectrum Labs is engaged in the business of manufacturing, distributing, and selling synthetic urine products and related goods throughout the United States under its Quick Fix® brand.

2.  Spectrum Labs is the owner of valuable intellectual property rights, including United States trademark registrations, in connection with its Quick Fix® brand of synthetic urine products and related goods (the "Spectrum Trademarks").

Page 1

3. Defendant King Vape LLC ("King Vape") is an Alabama limited liability company with its registered office address at 1812 S Maine Street, Atmore, Alabama 36502. King Vape's registered agent is Reem Muhsen, located at the same address.

4. King Vape also conducts business under the name "U VAPE" at a retail location at 121 Lindberg Avenue, Atmore, Alabama 36502.

5. Defendant Reem Muhsen ("Muhsen") is an individual who resides at 13374 SW 30th Street, Miramar, Florida 33027. Muhsen is the sole member and registered agent of King Vape LLC and is responsible for directing, controlling, and participating in King Vape's infringing activities described herein.

6. Defendant John Doe Company 1 is an unknown entity that manufactures, produces, and/or distributes the counterfeit products bearing the Spectrum Trademarks that are sold by King Vape. Plaintiff will seek leave to amend this Complaint to identify John Doe Company 1 by its true name when such identity becomes known through discovery or investigation.

### JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) because this action arises under the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1051 et seq.

8. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because such claims arise from the same case or controversy as the federal claims and share a common nucleus of operative facts.

9. This Court has personal jurisdiction over Defendant King Vape LLC because King Vape is an Alabama limited liability company with its registered office at 1812 S Maine Street,

Atmore, Alabama 36502, which is within the Southern District of Alabama. King Vape conducts business within this judicial district, including operating a retail location under the name "U VAPE" at 121 Lindberg Avenue, Atmore, Alabama 36502, and the claims asserted herein arise out of and relate to King Vape's business activities in this district.

10. This Court has personal jurisdiction over Defendant Muhsen because Muhsen is the sole member and registered agent of King Vape LLC, an Alabama limited liability company, and has directed, controlled, and participated in King Vape's business operations in this judicial district, including the sale of counterfeit products at King Vape's retail location in Atmore, Alabama. Muhsen has purposefully directed King Vape's infringing activities toward the State of Alabama, and the claims asserted herein arise out of and relate to Muhsen's direction and control of King Vape's business activities within this district.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant King Vape LLC resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district, including the sale of counterfeit products at King Vape's retail location in Atmore, Alabama.

## FACTUAL ALLEGATIONS

### A. Spectrum Labs's Trademark Rights

12. Spectrum Labs is the owner of the following United States trademark registrations (collectively, the "Spectrum Trademarks"):

    a. U.S. Trademark Registration No. 4,453,892 for the QUICK FIX mark; and

    b. U.S. Trademark Registration No. 5,791,421.

13. The Spectrum Trademarks are valid, subsisting, and incontestable, and are entitled to the full protections afforded by the Lanham Act, 15 U.S.C. § 1051 et seq.

14. The Spectrum Trademarks serve as source identifiers for Spectrum Labs' high-quality products, which have been sold throughout the United States for over two decades.

15. Through extensive and continuous use, marketing, advertising, and enforcement efforts, the Spectrum Trademarks have acquired substantial goodwill and are distinctive indicators of origin in the marketplace.

16. Consumers throughout the United States have come to associate the Spectrum Trademarks exclusively with the high-quality products manufactured and sold by Spectrum Labs.

**B. Defendants' Infringing and Counterfeiting Activities**

17. Spectrum Labs has credible, logged evidence that King Vape, operating under the name "U VAPE," is currently selling counterfeit products bearing the Spectrum Trademarks at its retail location at 121 Lindberg Avenue, Atmore, Alabama 36502.

18. Specifically, King Vape is offering products for sale that: (a) bear unauthorized reproductions of the Spectrum Trademarks; (b) falsely represent themselves as genuine Spectrum Labs products; (c) lack legitimate verifiable batch numbers; and (d) were not manufactured, authorized, or approved by Spectrum Labs.

19. These counterfeit products are inferior imitations that do not meet Spectrum Labs' quality standards and pose significant risks to consumers and to Spectrum Labs' reputation and goodwill.

20. On December 1, 2025, a customer purchased two items ("Counterfeit Products") labelled as "Custom Item" in the U VAPE point-of-sale system at the U VAPE store in Atmore,

AL.  These two items included the Spectrum Trademarks on their packaging and held themselves out as being manufactured by Spectrum Labs.

21. The picture below shows the Counterfeit Products as they were purchased by the customer and provided to Spectrum Labs.



22. Upon information and belief, the counterfeit products sold by King Vape were manufactured, produced, and/or distributed by John Doe Company 1, an entity whose identity is presently unknown to Plaintiff.

23. Upon information and belief, John Doe Company 1 manufactures and/or distributes counterfeit versions of Spectrum Labs' Quick Fix® products bearing spurious marks that are identical with, or substantially indistinguishable from, the Spectrum Trademarks.

24. King Vape's sale of counterfeit products bearing the Spectrum Trademarks was undertaken without the authorization, consent, or approval of Spectrum Labs.

## C. Muhsen's Role and Contributory Liability

25. Defendant Muhsen is the sole member, registered agent, and controlling person of King Vape LLC.

26. As the sole member of King Vape LLC, Muhsen directed, controlled, and/or participated in King Vape's decision to acquire and sell counterfeit products bearing the Spectrum Trademarks.

27. Muhsen knew or had reason to know that the products sold at King Vape's retail location bearing the Spectrum Trademarks were counterfeit and not genuine Spectrum Labs products.

28. Despite knowing or having reason to know that the products were counterfeit, Muhsen continued to supply, direct, and/or permit the sale of such counterfeit products through King Vape's retail operations.

29. Muhsen had the ability to supervise and control King Vape's infringing activities and derived a direct financial benefit from the sale of counterfeit products bearing the Spectrum Trademarks.

## D. Notice and Continued Infringement

30. On or about December 19, 2025, Spectrum Labs, through its in-house counsel, sent a cease and desist letter to King Vape via certified mail, demanding that Defendant King Vape immediately cease and desist from all activities that infringe the Spectrum Trademarks and constitute the sale of counterfeit products.

31. On or about February 10, 2026, Spectrum Labs, through its counsel, AdamsIP LLC, sent a cease and desist letter to King Vape and Reem Muhsen via certified mail, demanding that Defendants immediately cease and desist from all activities that infringe the Spectrum Trademarks and constitute the sale of counterfeit products.

32. The cease and desist letters demanded, among other things, that Defendants: (a) immediately cease selling, offering for sale, distributing, advertising, or promoting any products bearing the Spectrum Trademarks or any confusingly similar marks; (b) provide the identity and complete contact information of all suppliers, distributors, and manufacturers of the counterfeit products; (c) provide a complete written accounting of total gross revenues and profits from the sale of counterfeit products; and (d) deliver all remaining counterfeit inventory for destruction.

33. Upon information and belief, Defendants have failed to comply with the demands set forth in the cease and desist letter.

34. Upon information and belief, Defendants have continued to sell, offer for sale, and/or distribute counterfeit products bearing the Spectrum Trademarks after receiving the cease and desist letter.

35. Defendants' continued infringing conduct following receipt of the cease and desist letter demonstrates willfulness and bad faith.

**E. Harm to Spectrum Labs**

36. Defendants' sale of counterfeit products bearing the Spectrum Trademarks has caused and continues to cause irreparable harm to Spectrum Labs, including damage to the goodwill and reputation associated with the Spectrum Trademarks.

37. Defendants' counterfeit products are inferior in quality to genuine Spectrum Labs products, and the sale of such inferior products under the Spectrum Trademarks deceives consumers and damages Spectrum Labs' reputation for quality.

38. Defendants' infringing activities have caused Spectrum Labs to lose sales and profits that it would have otherwise earned.

39. Spectrum Labs has been damaged and will continue to be damaged by Defendants' conduct unless such conduct is injoined by this Court.

## COUNT I

## <u>TRADEMARK INFRINGEMENT</u>

*(15 U.S.C. § 1114)*

*(Against Defendant King Vape LLC)*

40. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

41. Spectrum Labs is the owner of the Spectrum Trademarks, including U.S. Trademark Registration No. 4,453,892 and U.S. Trademark Registration No. 5,791,421, which are valid and subsisting registrations on the Principal Register of the United States Patent and Trademark Office.

42. King Vape, without the consent or authorization of Spectrum Labs, has used in commerce reproductions, counterfeits, copies, and/or colorable imitations of the Spectrum Trademarks in connection with the sale, offering for sale, and distribution of counterfeit products.

43. King Vape's unauthorized use of the Spectrum Trademarks is likely to cause confusion, mistake, and/or deception among consumers as to the source, origin, sponsorship, or approval of King Vape's products.

44. King Vape's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45. King Vape's acts of infringement have been willful, deliberate, and in bad faith, particularly in light of Defendants' continued infringement following receipt of the cease and desist letter.

46. As a direct and proximate result of King Vape's trademark infringement, Spectrum Labs has suffered and will continue to suffer irreparable harm and monetary damages, including lost profits, damage to goodwill, and diminution of the value of the Spectrum Trademarks.

## COUNT II

## TRADEMARK COUNTERFEITING

*(15 U.S.C. §§ 1114, 1116(d), 1117(b)-(c))*

*(Against Defendant King Vape LLC and John Doe Company 1)*

47. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

48. King Vape and John Doe Company 1 have used counterfeit marks in connection with the sale, offering for sale, and distribution of goods.

49. The marks used by King Vape and John Doe Company 1 are spurious marks that are identical with, or substantially indistinguishable from, the registered Spectrum Trademarks.

50. King Vape's and John Doe Company 1's use of counterfeit marks constitutes trademark counterfeiting in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1116(d).

51. The counterfeiting activities of King Vape and John Doe Company 1 have been intentional, willful, and undertaken with full knowledge that the products they sell are not genuine Spectrum Labs products.

52. As a result of the counterfeiting activities described herein, Spectrum Labs is entitled to enhanced remedies pursuant to 15 U.S.C. § 1117(b) and (c), including treble damages

and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, as well as attorneys' fees.

## COUNT III

## FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION

*(15 U.S.C. § 1125(a))*

*(Against Defendant King Vape LLC and John Doe Company 1)*

53. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

54. King Vape's and John Doe Company 1's sale of counterfeit products bearing the Spectrum Trademarks falsely represents that such products originate from or are affiliated with, connected to, or approved by Spectrum Labs.

55. King Vape's and John Doe Company 1's conduct constitutes false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. King Vape's and John Doe Company 1's conduct is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants' goods with Spectrum Labs, and as to the origin, sponsorship, or approval of Defendants' goods by Spectrum Labs.

57. As a direct and proximate result of Defendants' false designation of origin and unfair competition, Spectrum Labs has suffered and will continue to suffer irreparable harm and monetary damages.

## COUNT IV

**CONTRIBUTORY TRADEMARK INFRINGEMENT**

*(15 U.S.C. § 1114)*

*(Against Defendant Reem Muhsen, Individually)*

58. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

59. Muhsen is the sole member, registered agent, and controlling person of King Vape LLC.

60. Muhsen knew or had reason to know that King Vape was selling counterfeit products bearing the Spectrum Trademarks that were not genuine Spectrum Labs products.

61. Despite this knowledge, Muhsen intentionally induced, caused, directed, and/or materially contributed to King Vape's infringing activities by, among other things, directing or approving the purchase, stocking, display, and sale of counterfeit products bearing the Spectrum Trademarks.

62. Muhsen had the right and ability to supervise and control King Vape's infringing activities and derived a direct financial benefit therefrom.

63. Muhsen's conduct constitutes contributory trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

64. As a direct and proximate result of Muhsen's contributory trademark infringement, Spectrum Labs has suffered and will continue to suffer irreparable harm and monetary damages.

**COUNT V**

**CONTRIBUTORY TRADEMARK COUNTERFEITING**

*(15 U.S.C. §§ 1114, 1116(d), 1117(b)-(c))*

*(Against Defendant Reem Muhsen, Individually)*

65. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

66. Muhsen intentionally induced, caused, directed, and/or materially contributed to King Vape's and John Doe Company 1's use of counterfeit marks in connection with the sale, offering for sale, and distribution of counterfeit goods.

67. Muhsen knew or should have known that the marks used on the products sold by King Vape were spurious marks that were identical with, or substantially indistinguishable from, the registered Spectrum Trademarks.

68. Muhsen's conduct constitutes contributory trademark counterfeiting in violation of the Lanham Act.

69. As a result of Muhsen's contributory counterfeiting, Spectrum Labs is entitled to enhanced remedies, including treble damages and/or statutory damages and attorneys' fees pursuant to 15 U.S.C. § 1117(b) and (c).

## COUNT VI

### STATE LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

*(Alabama Common Law and Ala. Code § 8-12-1 et seq.)*

*(Against All Defendants)*

70. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

71. Defendants' sale of counterfeit products bearing the Spectrum Trademarks constitutes trademark infringement, unfair competition, and deceptive trade practices in violation of

Alabama common law and the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq.

72. Defendants' conduct is likely to cause confusion, mistake, and deception as to the source, origin, sponsorship, or approval of the counterfeit products.

73. As a direct and proximate result of Defendants' state-law violations, Spectrum Labs has suffered and will continue to suffer irreparable harm and monetary damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Spectrum Laboratories, LLC respectfully requests that this Court enter judgment in its favor and against Defendants, and award the following relief:

a. A permanent injunction prohibiting Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from: (i) manufacturing, importing, advertising, promoting, offering for sale, selling, or distributing any products bearing the Spectrum Trademarks or any confusingly similar marks; (ii) using any reproduction, counterfeit, copy, or colorable imitation of the Spectrum Trademarks; and (iii) engaging in any other activity constituting trademark infringement, counterfeiting, or unfair competition with Spectrum Labs;

b. An order directing Defendants to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the Spectrum Trademarks or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118;

c. An accounting and disgorgement of Defendants' profits from the sale of infringing and counterfeit products pursuant to 15 U.S.C. § 1117(a);

d. Actual damages sustained by Spectrum Labs as a result of Defendants' infringing and counterfeiting activities pursuant to 15 U.S.C. § 1117(a);

e. In the alternative to actual damages and profits, statutory damages pursuant to 15 U.S.C. § 1117(c) in an amount of up to $2,000,000 per counterfeit mark per type of goods sold;

f. Treble damages pursuant to 15 U.S.C. § 1117(b) for Defendants' willful counterfeiting activities;

g. Attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117(a);

h. Pre-judgment and post-judgment interest as allowed by law;

i. An order requiring Defendants to identify all suppliers, distributors, manufacturers, and other sources from which Defendants obtained counterfeit and infringing products bearing the Spectrum Trademarks; and

j. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated March 24, 2026

By: /s/ Douglas L. Bridges
Douglas L. Bridges (1974N06L)
**ADAMSIP LLC**
453 Dauphin Street
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com
*Attorney for Plaintiff*