**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**SPECTRUM LABORATORIES, LLC,**
**a limited liability company,**

    *Plaintiff,*

**v.**                                         Case No. 1:26-CV-105

**KING VAPE LLC, an Alabama limited**
**liability company; REEM MUHSEN,**
**individually; and JOHN DOE**
**COMPANY 1,**

    *Defendants.*

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff Spectrum Laboratories, LLC ("Spectrum Labs" or "Plaintiff"), by and through undersigned counsel, hereby moves this Court for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and an Order for Defendants to appear and show cause why a preliminary injunction should not issue. In support of this Motion, Plaintiff submits the accompanying Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order, the Declaration of Matthew Stephens, and all exhibits filed concurrently herewith. A Proposed Order is also submitted with this Motion.

**SUMMARY OF THE CASE**

This case involves the sale of counterfeit products bearing the federally registered trademarks of Spectrum Labs, including Quick Fix® synthetic urine products and related goods (the "Spectrum Trademarks"). Defendant King Vape LLC, operating under the name "U VAPE," has been selling counterfeit Spectrum Labs products at its retail location at 121 Lindberg Avenue, Atmore, Alabama 36502. Defendant Reem Muhsen is the sole member and registered

1

agent of King Vape LLC and has directed, controlled, and participated in King Vape's counterfeiting activities.

Despite receiving two cease and desist letters, Defendants have continued to sell counterfeit products bearing the Spectrum Trademarks. As recently as March 14, 2026, a customer of U VAPE purchased additional counterfeit products from the U VAPE store and provided those products to Spectrum Labs, confirming that Defendants' counterfeiting activities are ongoing and unabated. The counterfeit items purchased on March 14, 2026, were listed as "Custom Item" in the U VAPE point-of-sale system, further evidencing Defendants' knowledge that the products are not legitimate.

Defendants' willful and continued counterfeiting activities cause ongoing and irreparable harm to Spectrum Labs' goodwill, reputation, and trademark rights. Immediate injunctive relief is necessary to prevent further harm.

## RELIEF REQUESTED

Spectrum Labs respectfully requests that this Court enter a Temporary Restraining Order:

1. Enjoining Defendants, their officers, agents, servants, employees, affiliates, and all persons in active concert or participation with them, from manufacturing, importing, advertising, promoting, offering for sale, selling, or distributing any products bearing the Spectrum Trademarks or any confusingly similar marks;

2. Enjoining Defendants from using any reproduction, counterfeit, copy, or colorable imitation of the Spectrum Trademarks in connection with the sale, offering for sale, distribution, or advertising of any product;

3. Ordering Defendants to immediately remove from display and sale all products bearing the Spectrum Trademarks or any confusingly similar marks from Defendants' retail location(s) and any other sales channels;

4. Ordering Defendants to preserve and maintain all counterfeit products, packaging, labels, and related materials in Defendants' possession, custody, or control for inspection and potential destruction;

5. Ordering Defendants to identify all suppliers, distributors, manufacturers, and other sources from which Defendants obtained counterfeit products bearing the Spectrum Trademarks; and

6. Ordering Defendants to appear and show cause why a preliminary injunction should not be entered granting the foregoing relief for the duration of this litigation.

## GROUNDS FOR RELIEF

As set forth more fully in the accompanying Memorandum of Law, Spectrum Labs satisfies all four requirements for the issuance of a temporary restraining order.

Spectrum Labs is the owner of incontestable federal trademark registrations, including U.S. Trademark Registration No. 4,453,892 and U.S. Trademark Registration No. 5,791,421. Defendants are selling products bearing marks that are identical to or substantially indistinguishable from the Spectrum Trademarks. Defendants' use of counterfeit marks constitutes trademark infringement and counterfeiting under the Lanham Act, 15 U.S.C. §§ 1114, 1116(d), and 1125(a).

Defendants' continued sale of counterfeit products causes ongoing and irreparable harm to Spectrum Labs' goodwill, reputation, and trademark rights. The Lanham Act creates a rebuttable presumption of irreparable harm in trademark counterfeiting cases. 15 U.S.C. §

1116(a). The sale of inferior counterfeit products under the Spectrum Trademarks deceives consumers and erodes the goodwill Spectrum Labs has built over two decades.

The balance of hardships tips decisively in Spectrum Labs' favor. A TRO merely requires Defendants to stop selling counterfeit products—an activity they have no legal right to engage in. Defendants have no legitimate interest in continuing to sell counterfeit goods. In contrast, denial of a TRO allows continued erosion of Spectrum Labs' trademark rights and consumer goodwill.

The public interest strongly favors a TRO. The public has a significant interest in being free from confusion and deception caused by counterfeit products. Consumers who purchase counterfeit Spectrum Labs products may receive inferior products that do not meet Spectrum Labs' quality standards. The public interest is always served by preventing trademark counterfeiting.

## CERTIFICATION REGARDING NOTICE

Counsel for Plaintiff certifies that efforts have been made to provide notice to Defendants of the filing of this Motion. Counsel will have the contemporaneously filed complaint, along with this motion and memorandum of law, to be hand delivered to U VAPE's store in Atmore as well as its agents' address. In addition, Counsel for Plaintiff will attempt to have the same served upon Defendant Reem Muhsen at her residence in Florida.

## SECURITY

Plaintiff is prepared to post such security as this Court may require pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, but requests that the Court waive the need for a security based upon the clear evidence of the Defendants' counterfeiting.

Dated: March 24, 2026


Respectfully submitted,


<u>/s/ Douglas L. Bridges</u>
Douglas L. Bridges (1974N06L)
**ADAMSIP LLC**
453 Dauphin Street
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com

*Attorney for Plaintiff*
*Spectrum Laboratories, LLC*