**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**SPECTRUM LABORATORIES, LLC,**
**a limited liability company,**

    *Plaintiff,*

v.                                   Case No. 1:26-CV-105

**KING VAPE LLC, et al.,**

    *Defendants.*

**[PROPOSED]**
**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

**INTRODUCTION**

**THIS CAUSE** has come before the Court on Plaintiff Spectrum Laboratories, LLC's ("Plaintiff" or "Spectrum Labs") Motion for Temporary Restraining Order and Order to Show Cause ("Motion for TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116. As discussed below, Plaintiff has satisfied the requirements for the issuance of a temporary restraining order and the additional relief requested.

## I.    APPLICABLE LEGAL STANDARDS

A court will issue a temporary restraining order where the requesting party demonstrates the following four factors: (1) it has a substantial likelihood of success on the merits; (2) the moving party will suffer irreparable injury if the order is not granted; (3) that the threatened injury to the plaintiff outweighs the harm the relief would inflict on the non-movant; and (4) entry of the order would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court, having reviewed the Plaintiff's Motion for TRO, Memorandum of Law, and supporting declaration and evidence, makes the following findings of fact and conclusions of law:

**A.      Plaintiff's Trademarks**

1)      Plaintiff Spectrum Laboratories LLC is a limited liability company organized under the laws of Ohio. Spectrum Labs is engaged in the business of manufacturing, distributing, and selling synthetic urine products and related goods throughout the United States under its Quick Fix® brand.

2)      Spectrum Labs is the owner of United States Trademark Registration No. 4,453,892 for the QUICK FIX mark and United States Trademark Registration No. 5,791,421 (collectively, the "Spectrum Trademarks"). The Spectrum Trademarks are valid, subsisting, and incontestable, and are entitled to the full protections afforded by the Lanham Act, 15 U.S.C. § 1051 et seq.

3)      Through extensive and continuous use, marketing, advertising, and enforcement efforts over more than two decades, the Spectrum Trademarks have acquired substantial goodwill and are distinctive indicators of origin in the marketplace.

**B.      Defendants' Conduct**

4)      Defendant King Vape LLC ("King Vape") is an Alabama limited liability company operating a retail location under the name "U VAPE" at 121 Lindberg Avenue, Atmore, Alabama 36502. Defendant Reem Muhsen ("Muhsen") is the sole member and registered agent of King Vape LLC.

5)      Defendants have been selling counterfeit products bearing the Spectrum Trademarks at the U VAPE retail location. These products bear unauthorized reproductions of the Spectrum Trademarks, falsely represent themselves as genuine Spectrum Labs products, lack legitimate

verifiable batch numbers, and were not manufactured, authorized, or approved by Spectrum Labs.

6) On or about December 1, 2025, a customer purchased counterfeit products bearing the Spectrum Trademarks from the U VAPE store. The products were listed as "Custom Item" in U VAPE's point-of-sale system.

7) On or about December 19, 2025, Spectrum Labs, through its in-house counsel, sent a cease and desist letter to King Vape demanding that Defendants immediately cease all counterfeiting activities.

8) On February 10, 2026, Spectrum Labs sent a second cease and desist letter to King Vape and Reem Muhsen via certified mail, detailing the specific infringing activities, the legal exposure Defendants faced, and demanding immediate cessation of all counterfeiting activities.

9) Defendants failed to respond to either cease and desist letter and failed to comply with any of the demands set forth therein.

10) On March 14, 2026, a customer purchased additional counterfeit products bearing the Spectrum Trademarks from the U VAPE store, including a counterfeit Quick Fix® Plus product and a counterfeit Quick Fix® Pro Belt Kit. The products were again listed as "Custom Item" in U VAPE's point-of-sale system.

11) Defendants' continued sale of counterfeit products after receiving two cease and desist letters demonstrates willfulness and bad faith.

**C.   TRO Analysis**

12) Plaintiff has established that it is substantially likely to succeed on the merits of its claims for trademark infringement (15 U.S.C. § 1114), trademark counterfeiting (15 U.S.C. §§ 1114, 1116(d)), false designation of origin (15 U.S.C. § 1125(a)), contributory trademark infringement,

contributory trademark counterfeiting, and state-law unfair competition and trademark infringement.

13) Plaintiff is entitled to a rebuttable presumption of irreparable harm because it has demonstrated a likelihood of success on the merits of its trademark claims. 15 U.S.C. § 1116(a). Even absent this presumption, Plaintiff has shown it will suffer irreparable harm if a TRO does not issue, including ongoing damage to the goodwill and reputation associated with the Spectrum Trademarks, consumer confusion and deception, loss of sales and profits, and diminution of the value of the Spectrum Trademarks.

14) The threatened injury to Plaintiff outweighs any harm the TRO would inflict on Defendants. The TRO merely requires Defendants to cease engaging in illegal activity—the sale of counterfeit products. Defendants have no legally cognizable interest in continuing to sell counterfeit goods.

15) Entry of the TRO serves the public interest by protecting consumers from confusion and deception caused by counterfeit products and by requiring compliance with the Lanham Act.

**ORDER**

Based on the foregoing, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

16) **Injunction Against Sale of Counterfeit Products.** Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with them, are hereby ENJOINED and RESTRAINED from manufacturing, importing, advertising, promoting, offering for sale, selling, or distributing any products bearing the Spectrum Trademarks, including U.S. Trademark Registration No. 4,453,892 and U.S. Trademark Registration No. 5,791,421, or any reproduction, counterfeit, copy, or colorable imitation thereof.

17) **Injunction Against Use of Spectrum Trademarks.** Defendants are ENJOINED and RESTRAINED from using the Spectrum Trademarks or any mark that is identical to, substantially indistinguishable from, or confusingly similar to the Spectrum Trademarks in connection with the sale, offering for sale, distribution, or advertising of any product.

18) **Removal from Display and Sale.** Defendants shall immediately remove from display and sale all products bearing the Spectrum Trademarks or any confusingly similar marks from Defendants' retail location(s), including but not limited to the U VAPE store at 121 Lindberg Avenue, Atmore, Alabama 36502, and from any other sales channels, whether physical or online.

19) **Preservation of Counterfeit Products.** Defendants shall preserve and maintain, and shall not destroy, conceal, move, or otherwise dispose of, all counterfeit products, packaging, labels, signs, prints, wrappers, receptacles, advertisements, and related materials bearing the Spectrum Trademarks or any confusingly similar marks in Defendants' possession, custody, or control. Such materials shall be made available for inspection by Plaintiff's counsel upon reasonable notice.

20) **Identification of Suppliers.** Within seven (7) days of the entry of this Order, Defendants shall provide to Plaintiff's counsel a written statement identifying all suppliers, distributors, manufacturers, and other sources from which Defendants obtained counterfeit products bearing the Spectrum Trademarks, including complete names, addresses, telephone numbers, and email addresses for each such source, together with copies of all invoices, purchase orders, and other documents related to the acquisition of such products.

21) **Accounting.** Within seven (7) days of the entry of this Order, Defendants shall provide to Plaintiff's counsel a complete and accurate written accounting of: (a) the total quantity of products bearing the Spectrum Trademarks sold by Defendants, broken down by product type;

(b) the total gross revenues from the sale of such products; (c) the total profits derived from the sale of such products; and (d) the dates during which Defendants sold such products.

22) **Preservation of Evidence.** Defendants shall preserve and maintain all documents, electronically stored information, and physical evidence related to the acquisition, possession, advertisement, and sale of products bearing the Spectrum Trademarks, including but not limited to purchase orders, invoices, receipts, communications with suppliers and customers, sales records, financial documentation, photographs, product samples, marketing materials, and electronic records, including emails, text messages, and social media communications.

23) **Security.** Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff [shall / shall not be required to ] post a bond in the amount of $_____ as security for the issuance of this Temporary Restraining Order.

24) **Duration.** This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date of entry, unless extended by consent of the parties or by order of this Court.

25) **Order to Show Cause.** Defendants are hereby ORDERED to appear before this Court on _____, 2026, at _____ _.m., and show cause why a preliminary injunction should not be entered granting the foregoing relief for the duration of this litigation. Defendants shall file any response to Plaintiff's Motion by no later than _____, 2026.

26) **Service.** Plaintiff shall serve a copy of this Order, together with the Complaint, Motion for TRO, Memorandum of Law, and all supporting papers, upon Defendants within _____ days of the entry of this Order.

**SO ORDERED** this _____ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE