# Exhibit A



Douglas Bridges
453 Dauphin Street
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com

February 10, 2026

**VIA CERTIFIED MAIL**

U VAPE
121 Lindberg Ave
Atmore, AL 36502

KING VAPE LLC
c/o Reem Muhsen
13374 SW 30th St
Miramar, FL 33027

**Re: Cease and Desist – Trademark Infringement and Sale of Counterfeit Spectrum Labs Products**

Dear Sir or Madam:

This firm represents Spectrum Laboratories, LLC ("Spectrum Labs"), the owner of valuable intellectual property rights in connection with its Quick Fix® brand of synthetic urine products and related goods. We write to demand that U VAPE, KING VAPE LLC, and any related entities ("U VAPE") immediately cease and desist from all activities that infringe Spectrum Labs' federally registered trademarks and that constitute the sale of counterfeit products. AdamsIP has been retained as litigation counsel in this matter by Spectrum Labs, and this letter serves as a final opportunity for U VAPE to avoid litigation on this issue. Spectrum Labs has been diligent and successful in its enforcement of its trademark rights in the past and will not ignore companies who are selling counterfeit Spectrum Labs's products.

**Spectrum Labs's Trademark Rights**

Spectrum Labs is the owner of the following United States trademark registrations (collectively, the "Spectrum Trademarks"):

- U.S. Trademark Registration No. 4453892 for the QUICK FIX mark
- U.S. Trademark Registration No. 5791421

These registrations are valid, subsisting, and entitled to the full protections afforded by the Lanham Act, 15 U.S.C. § 1051 et seq. The Spectrum Trademarks serve as source identifiers for Spectrum Labs' high-quality products, which have been sold throughout the United States for over two decades. Through extensive use, marketing, and enforcement efforts, the Spectrum Trademarks have acquired substantial goodwill and are distinctive indicators of origin in the marketplace.

**U VAPE's Infringing Activities**

Spectrum Labs has credible, logged evidence that U VAPE is currently selling counterfeit products bearing the Spectrum Trademarks at your retail location in Atmore, Alabama. Specifically, U VAPE is offering for sale products that:

1. Bear unauthorized reproductions of the Spectrum Trademarks

2. Falsely represent themselves as genuine Spectrum Labs products

3. Lack legitimate verifiable batch numbers

4. Were not manufactured, authorized, or approved by Spectrum Labs

These counterfeit products are inferior imitations that do not meet Spectrum Labs' quality standards and pose significant risks to consumers and to Spectrum Labs' reputation. The sale of counterfeit products bearing the Spectrum Trademarks constitutes trademark infringement, trademark counterfeiting, and unfair competition in violation of federal and state law.

U VAPE's unauthorized use of the Spectrum Trademarks and sale of counterfeit products violates multiple provisions of federal and state law, including but not limited to:

### Federal Trademark Infringement (15 U.S.C. § 1114)

U VAPE's use of reproductions, counterfeits, copies, or colorable imitations of the Spectrum Trademarks in connection with the sale of goods is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of such goods. This constitutes trademark infringement under Section 32 of the Lanham Act.

### Federal Trademark Counterfeiting (15 U.S.C. § 1116(d))

U VAPE's sale of products bearing counterfeit marks—spurious marks that are identical with, or substantially indistinguishable from, the registered Spectrum Trademarks—constitutes trademark counterfeiting. The Lanham Act provides for enhanced remedies for counterfeiting, including statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, as well as the possibility of treble damages and attorneys' fees.

### False Designation of Origin (15 U.S.C. § 1125(a))

U VAPE's sale of counterfeit products falsely represents that such products originate from or are affiliated with Spectrum Labs, constituting false designation of origin and unfair competition under Section 43(a) of the Lanham Act.

### State Law Claims

U VAPE's conduct also violates Alabama common law and statutory provisions prohibiting trademark infringement, unfair competition, and deceptive trade practices.

U VAPE's infringing activities expose U VAPE to substantial monetary liability, including:

- Spectrum Labs' actual damages and U VAPE's profits from the sale of infringing products (15 U.S.C. § 1117(a))

- Statutory damages for counterfeiting ranging from $1,000 to $200,000 per counterfeit mark per type of goods sold, or up to $2,000,000 per counterfeit mark per type of goods sold for willful violations (15 U.S.C. § 1117(c))

- Treble damages for willful infringement (15 U.S.C. § 1117(b))

- Attorneys' fees in exceptional cases (15 U.S.C. § 1117(a))

- Costs of the action

- Prejudgment and post-judgment interest

Additionally, Spectrum Labs is entitled to the destruction of all infringing products and materials in U VAPE's possession, custody, or control (15 U.S.C. § 1118).

To resolve this matter without litigation, Spectrum Labs demands that U VAPE immediately cease and desist from selling, offering for sale, distributing, advertising, or promoting any products bearing the Spectrum Trademarks or any confusingly similar marks. This includes U VAPE selling, offering for sale, distributing, advertising, or promoting any counterfeit Spectrum Labs products or using the Spectrum Trademarks or any confusingly similar marks in any manner whatsoever.

In addition to ceasing its own infringing activities, U VAPE must provide the identity and complete contact information (including names, addresses, telephone numbers, and email addresses) of all suppliers, distributors, manufacturers, and other sources from which U VAPE obtained the counterfeit and infringing Spectrum Labs products along with copies of all invoices, purchase orders, and other documents related to U VAPE's acquisition of such products. U VAPE must identify the quantity of counterfeit and infringing products obtained from each source and the dates on which U VAPE received shipments of counterfeit and infringing products.

Spectrum Labs also demands that U VAPE provide a complete and accurate written accounting of its total gross revenues from the sale of counterfeit and infringing Spectrum Labs products, broken down by product type and time period along with U VAPE's total profits derived from the sale of such products. This information should also include the total quantity of counterfeit and infringing products sold, broken down by product type, the dates during which U VAPE sold counterfeit and infringing products, the price at which each type of product was sold, and all costs and expenses associated with the acquisition and sale of such products. This accounting must be supported by complete and accurate business records, including but not limited to sales records, invoices, receipts, bank statements, and tax returns.

Finally, U VAPE must remove all counterfeit and infringing products from display and sale and deliver to Spectrum Labs' counsel all remaining inventory of counterfeit and infringing products in U VAPE's possession, custody, or control for destruction. Spectrum Labs demands that U VAPE provide written confirmation that all such products have been removed from sale and delivered or destroyed

If U VAPE fails to meet these demands, Spectrums Labs will be forced to initiate litigation to enforce its rights. As such, Spectrum labs demands that U VAPE must immediately preserve all documents, electronically stored information, and physical evidence related to the acquisition, possession, advertisement, and sale of counterfeit and infringing Spectrum Labs products, including but not limited to purchase orders, invoices, receipts, communications with suppliers and customers, sales records, financial documentation, photographs, product samples, marketing materials, advertising materials, and electronic records, including emails, text messages, and social media communications

U VAPE must provide a written response to this letter within ten (10) business days of receipt, confirming U VAPE's compliance with the foregoing demands and providing the information and materials requested above. Please direct all correspondence to the undersigned.

We trust that U VAPE will take this matter seriously and will act promptly to comply with the demands set forth herein. Prompt compliance will demonstrate U VAPE's good faith and may be taken into consideration in determining whether Spectrum Labs will pursue further legal action.

Very truly yours,

Douglas Bridges
Head of Litigation
AdamsIP LLC

**cc:**    Spectrum Laboratories, LLC
Matthew Cavanagh, esq., McDonald Hopkins